UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO ACHACH and JULIA ACHACH, Individually and h/w, : : : : | |
| Plaintiffs : | CIVIL ACTION NO. 3:20-1669 |
| v. : | (JUDGE MANNION) |
| TRAVELERS INDEMNITY COMPANY, : : | |
| Defendant : | |

## MEMORANDUM

Before the court is defendant Travelers Indemnity Company's ("Travelers") notice of removal. (Doc. 1). For the following reasons, the court will *sua sponte* remand this case to the Court of Common Pleas of Schuylkill County.

### I. BACKGROUND

By way of relevant background, plaintiffs Eduardo Achach and Julia Achach (together, the "Plaintiffs") filed the above-captioned action in the Court of Common Pleas of Schuylkill County on August 6, 2020, asserting

claims of breach of contract (Count I) and statutory bad faith pursuant to 42 Pa.C.S.A. §8371 (Count II) against Travelers regarding its claim for coverage of stolen property under Travelers' home insurance policy.

On September 14, 2020, Travelers removed the action to this court on the basis of diversity jurisdiction. (Doc. 1); 28 U.S.C. §1332. After the close of discovery, Travelers filed a motion for summary judgment, followed by a supporting brief. (Docs. 22, 24). Plaintiffs filed a brief in opposition to defendant's motion, (Doc. 26), to which Travelers replied. (Doc. 27). After careful consideration, the court finds that it does not have jurisdiction and will remand the case.

**II.   STANDARD**

Federal courts have a continuing obligation to assess its subject matter jurisdiction and possesses the authority to dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage of the proceeding. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citations omitted); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).

In any case removed from a state court to a federal court, the district court is obligated to remand a case *sua sponte* for lack of subject matter

jurisdiction. See 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue."). "It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

**III.    DISCUSSION**

A civil action may be properly removed from state court to the federal court if the district court has jurisdiction. 28 U.S.C. §1441(a). Federal district courts have jurisdiction over cases where there exists complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §1332(a).

A plaintiff may limit his claims to avoid federal subject matter jurisdiction. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir.2006). As the Third Circuit has established, when a plaintiff limits the amount in controversy pursuant to state laws, the party seeking to remove the action to federal court

has the burden to demonstrate to a legal certainty the amount in controversy exceeds $75,000. *Id.* (*citing Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) and *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)*)*. Although *Samuel–Bassett* and *Morgan* left some uncertainty in regard to what standard to apply, *Federico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007), made it abundantly evident that in a case such as this, the removing party "must show, to a legal certainty, that the amount in controversy exceeds the statutory threshold." *Id.* at 196. Lastly, "[e]ven if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." *Morgan, 471 F.3d at 474–75*.

Presently, the complaint does not seek a specific damage amount, but rather demands "an amount not in excess of $75,000 together with an award of…further relief as this Court deems just and proper" in both Count I and Count II. *Id*. at ¶¶37, 47. Plaintiffs' breach of contract claim in Count I alleges that the value of stolen items owed to Plaintiffs is $69,430.07. *Id*. at ¶15. Plaintiffs' bad faith claim in Count II additionally seeks an award of "attorney fees, costs, expenses...." *Id*. at ¶47.

In asserting federal jurisdiction, Travelers generally contends that because attorneys' fees, costs, and punitive damages are statutorily permitted under Plaintiffs' bad faith claim, such categories of damages would put the amount in controversy in excess of the $75,000 threshold.[1] (Doc. 1 ¶5); see 42 Pa.C.S.A. §8371 ("if the court finds that the insurer has acted in bad faith toward the insured, the court may… [a]ward punitive damages against the insurer…[a]ssess court costs and attorney fees against the insurer.").

However, Travelers' argument is unconvincing as it is not substantiated with any evidence. Although attorney's fees and punitive damages, where recoverable, may be properly considered in determining whether the jurisdictional amount has been satisfied, estimations of the amount in controversy "must be realistic" and all "doubts must be construed in favor of remand." *Samuel-Bassett*, 357 F.3d at 403. Initially, it appears the Plaintiffs are not certain to recover punitive damages as their complaint does

---

[1] Travelers also suggests Plaintiffs' demand of bad faith damages not in excess of $75,000 should be construed as a request for damages "in an amount in excess of the compulsory arbitration limit of Schuylkill County of $50,000." (Doc. 1 at ¶4). We disagree. Courts have "long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction." *Morgan*, 471 F.3d at 474 (citations omitted). As Plaintiffs filed this action in state court and did not seek federal jurisdiction, we refrain from interpreting Plaintiffs' demand for damages under its bad faith claim as necessarily a request for damages in excess of $50,000.

not allege any fact suggesting bad faith on the part of Travelers other than that Travelers should not have rejected the full amount of Plaintiffs' insurance claim. (Doc. 2 at ¶¶ 38-47); see Mazza v. Peerless Indem. Ins. Co., No. 13–3225, 2013 WL 4014569 (E.D.Pa. Aug. 7, 2013) (finding defendant did not meet its burden of showing punitive damages were recoverable to meet the jurisdictional amount where the complaint "did not allege any particular facts suggesting bad faith on the part of [the insurance company], other than her assertion that she was entitled to benefits but has not received them") (alteration added). Travelers has otherwise provided no information upon which the court may determine that the amount in controversy would be met once attorney's fees, costs, and punitive damages are considered.

In fact, Travelers has not provided any basis aside from speculation to conclude that Plaintiffs could recover a sum in excess of $75,000. Accordingly, we find that Travelers has not carried its burden of establishing that the amount in controversy exceeds $75,000 to a legal certainty and must remand the case. See Dunfee v. Allstate Ins. Co., No. 08-CV-01425, 2008 WL 2579799 at * 7, 2008 U.S. Dist. LEXIS 49955 at * 24 (E.D. Pa. June 26, 2008) ("Defendant's argument that damages 'could' exceed $75,000 or that it is 'certainly possible' to exceed $75,000 does not prove it is legally certain that the amount in controversy exceeds $75,000."); Kleiss v. Granite Run

- 6 -

*Mall,* No. 06–374, 2006 WL 562203, *3 (E.D.Pa. March 06, 2006) ("The unsubstantiated numbers Defendants use to demonstrate that the jurisdictional threshold is satisfied are too theoretical to sufficiently support their claim that the jurisdictional limit is met.... When determining if the jurisdictional minimum is satisfied, '[i]f this Court has to guess, defendant has not proved its point.") (citations omitted); *Farrachao v. Harrah's Entertainment, Inc.*, No. 06-1364 (RBK), 2006 WL 2096076 , *3 (D.N.J. July 27, 2006) (finding defendants insufficiently showed the amount in controversy would be legally certain to exceed $75,000 where its sole support consisted of the complaint's allegations of "severe injuries" and other ambiguous phrasing common to complaints).

IV.   **CONCLUSION**

For the foregoing reasons, the case will be remanded to the Court of Common Pleas of Schuylkill County. An appropriate order follows.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 31, 2022**
20-1669-01